IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| WAYNE A. HUSSAR, II, | CV 18–55–H–DLC–JTJ |
| Plaintiff, | |
| vs. | ORDER |
| MSP WARDEN JAMES SALMONSON and MSP'S THORNTON R.N., | |
| Defendants. | |

United States Magistrate Judge John T. Johntson issued his Findings and Recommendations in this case on January 7, 2020, recommending that the Court grant Defendants' Motion for Summary Judgment (Doc. 32) based on Plaintiff Wayne A. Hussar, II's failure to fully exhaust his administrative remedies (Doc. 49). Judge Johnston further recommended that the Court deny Hussar's Motion for Summary Judgment (Doc. 36) and his Motion for Counter Lawsuit (Doc. 40).

Hussar timely filed objections to the Findings and Recommendations. (Doc. 51.) Consequently, Hussar is entitled to de novo review of those findings and recommendations to which he has specifically objected. 28 U.S.C. § 636(b)(1)(C). Absent objection, this Court reviews findings and recommendations for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc);

*Thomas v. Arn*, 474 U.S. 140, 149 (1985).  Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed."  *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

Judge Johnston recommended that the Court grant Defendants' motion for summary judgment based on Hussar's failure to exhaust his administrative remedies.  Specifically, Judge Johnston found that no dispute exists that Hussar failed to complete the last two steps of MSP's grievance procedure regarding his requests for his knee brace and knee sleeve.  (Doc. 49 at 9.)  Accordingly, under the Prison Litigation Reform Act's exhaustion requirement, 42 U.S.C. § 1997e(a), Judge Johnston determined that Defendants are entitled to judgment as a matter of law.  (*Id.* at 7.)

Conceding that he failed to exhaust administrative remedies before turning to the Court for relief, Hussar nevertheless objects to the Findings and Recommendations, arguing that his transfer to Dawson County Correctional Facility ("DCCF")[1] on May 15, 2018 prevented him from following MSP's appellate process.  (Docs. 34-5 at 1; 51 at 1.)  Specifically, Hussar states that the grievance officer at DCCF told him on May 20, 2018 that he could not appeal to

---

[1] Hussar also objects to the Findings and Recommendations based on Judge Johnston's misstatement regarding Hussar's transfer to MSP.  (Doc. 51 at 2–3.)  However, as explained further, that Hussar was transferred *from* Broadwater County Jail to MSP, and then from MSP *to* Dawson County Correctional Facility (*see* Doc. 34-5), is immaterial as it relates to the dispositive question of whether Hussar exhausted his available administrative remedies.

Department Medical Director—step three of MSP's four-step grievance procedure—based on his relocation.  (Doc. 51 at 1; *see also* Doc. 34-1 at 4, ¶ 15.)

Reviewing de novo, the Court agrees with Judge Johnston that Hussar failed to exhaust his administrative remedies.  Whatever conversation he had with the DCCF grievance officer on May 20, 2018 is irrelevant to the question of whether he complied with MSP's procedures.  For example, between April 24, 2018— when he acknowledged his receipt of MSP's informal resolution (Doc. 34-11)— and May 15, 2018, Hussar remained in custody at MSP (Doc. 34-5).  His subsequent transfer to DCCF notwithstanding, Hussar presents no evidence that he took any further steps to appeal after his receipt of the prison's response.  (Doc. 34-12.)  As Defendants point out, his opportunity to appeal the resolution of his grievance regarding the Special Needs Committee's decision would have expired no later than May 2, 2018.  (*See* Doc. 34-3 at 4 (MSP Inmate Grievance Procedure stating that an "inmate wishing to file a formal grievance must do so within five working days form the date he has received the informal resolution response).)  The DCCF grievance officer's comments aside, Hussar should have filed his administrative appeal more than two weeks before he arrived at DCCF on May 15, 2020.

Therefore, searching the record de novo for any indication that Hussar exhausted his administrative remedies, the Court finds none.  And, finding no clear error in the remaining portions of the Findings and Recommendations,

IT IS ORDEERED:

(1)     Judge Johnston's Findings and Recommendations (Doc. 49) is ADOPTED IN FULL;

(2)     Defendants' Motion for Summary Judgment (Doc. 32) is GRANTED based on Hussar's failure to exhaust administrative remedies;

(3)     Hussar's Motion for Summary Judgment (Doc. 36) is DENIED;

(4)     Hussar's Motion to Suppress Evidence (Doc. 50) is DENIED AS MOOT;

(5)     Hussar's Motion for "Counter Lawsuit on Defendants for 'Purjury [sic] – Statements' and false Info. from Another Inmate's Special-Needs Records Put on Plaintiff's medical Records" (Doc. 40) is DENIED;

(6)     The Clerk of Court shall close this matter and enter judgment for Defendants pursuant to Federal Rule of Civil Procedure 58; and

(7)     Pursuant to Federal Rule of Appellate Procedure 24(a)(3)(A), this Court certifies that any appeal of this decision would not be taken in good faith.

- 4 -

DATED this 28th day of April, 2020.


_____
Dana L. Christensen, District Judge
United States District Court